## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMAL LARIBI<br>and<br>DIANA ARMANIOS<br>*Plaintiffs*, | :<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |
| v. | :<br>: | |
| JUAN PENA<br>and<br>READING TRANSPORTATION CORP.<br>*Defendant.* | :<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT

1.   This is a motor vehicle negligence claim against the Defendants, Juan Pena and Reading Transportation Corp., for personal injuries caused to Plaintiffs, Amal Laribi and Diana Armanios, by the negligent acts and/or omissions of the Defendants.

### II.   PARTIES

2.   Plaintiff, Amal Laribi, is an adult individual and citizen of the French Republic, residing therein at 44 Avenue de la Division Leclerc, 94230 Cachan, France.

3.   Plaintiff, Diana Armanios, is an adult individual and citizen of the State of New Jersey, residing therein at 15 Shanley Avenue, Newark, New Jersey 07108.

4.   Defendant, Juan Pena, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 529 17 ½ Street, Reading, Pennsylvania 19606.

5.   Defendant, Reading Transportation Corp., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located therein at 1231 Linden Street, Reading, Pennsylvania 19604.

### III.  JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts and/or omissions giving rise to the within claims occurred within the district.

### IV.  STATEMENT OF CLAIMS

9. At all times relevant hereto, Defendant, Reading Transportation Corp., acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant Juan Pena, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

10. At all times material herein, Defendants, Juan Pena and Reading Transportation Corp., leased, possessed, maintained, controlled and/or operated a certain 2013 Ford E350 motor vehicle, Pennsylvania license plate #BA75664, which was involved in the motor vehicle accident hereinafter described.

11. On or about June 14, 2017, Plaintiff, Diana Armanios, was operating a certain 2011 Nissan Cube motor vehicle, Pennsylvania license plate #FWJ4971, in which Plaintiff Amal Laribi was a passenger, westbound on Interstate 78 (I-78), in Northampton County, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

12. On or about June 14, 2017, Plaintiff Diana Armanios was lawfully operating the aforesaid motor vehicle in which Plaintiff Amal Laribi was a passenger westbound on I-78 in Northampton County, Pennsylvania, and had slowed her vehicle due to traffic, when, suddenly

and without warning, the aforesaid motor vehicle owned by Defendant Reading Transportation Corp. and operated by its employee, Defendant Juan Pena, which was also traveling westbound on I-78, struck the rear of the Plaintiffs' vehicle with such force so as to cause the Plaintiffs to sustain severe and permanent injuries as described more fully hereinafter.

13. Upon information and belief, Defendant Juan Pena received a traffic citation for distracted driving and/or driving too fast for road conditions as a result of the motor vehicle accident described herein.

14. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants, Juan Pena and Reading Transportation Corp., and was due in no manner to any act or failure to act on the part of the Plaintiffs.

### COUNT I
### AMAL LARIBI v. JUAN PENA
### NEGLIGENCE

15. Plaintiff hereby incorporates by reference paragraphs one (1) through fourteen (14) of the within Complaint as though the same were fully set forth at length herein.

16. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Juan Pena, which consisted of the following:

   (a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Amal Laribi, more specifically failing to bring his motor vehicle to a stop before striking the rear of the vehicle in which Plaintiff was a passenger and driving too fast for road conditions;

 (d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

 (e) failing to maintain a proper lookout upon the highway;

 (f) failing to regard the point and position of other vehicles upon the highway;

 (g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

 (h) operating a motor vehicle with disregard for the safety of persons upon the highway;

 (i) failing to prevent the aforesaid motor vehicle from striking Plaintiff's vehicle;

 (j) otherwise failing to exercise due and proper care under the circumstances; and

 (k) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

17. By reason of the aforesaid negligence of the Defendant, Plaintiff, Amal Laribi, has suffered severe and permanent injuries including, but not limited to, interstitial tear of the distal supraspinatus tendon, anterior inferior bucket-handle labral tear, right shoulder sprain and strain, tear of the anterior horn of the right medial meniscus, tear of the posterior horn of the right medial meniscus, tear of the anterior horn of the right lateral meniscus, right knee sprain and strain, cervical sprain and strain, cervical disc bulging at C4-C5 and C5-C6, and lumbar sprain and strain, as well as aches, pains, mental anxiety and anguish. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

18. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums

of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

19. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

20. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

21. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

22. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

23. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

24. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

25. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

26. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Amal Laribi, demands judgment in her favor and against Defendant, Juan Pena, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
## DIANA ARMANIOS v. JUAN PENA
## NEGLIGENCE

27. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-six (26) of the within Complaint as though the same were fully set forth at length herein.

28. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, Juan Pena, which consisted of the following:

(a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Diana Armanios, more specifically failing to bring his motor vehicle to a stop before striking the rear of Plaintiff's vehicle and driving too fast for road conditions;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of other vehicles upon the highway;

(g) failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the rear of Plaintiff's vehicle;

(j) otherwise failing to exercise due and proper care under the circumstances; and

(k) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

29. By reason of the aforesaid negligence of the Defendant, Plaintiff, Diana Armanios, has suffered severe and permanent injuries including, but not limited to, right shoulder rotator cuff tear, biceps tearing, and right shoulder impingement, requiring surgical repair, right shoulder sprain and strain, injuries to the lumbar spine, and injuries to the left leg, as well as aches, pains, mental anxiety and anguish. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

30. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

31. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

32. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

33. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

34. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

36. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

37. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

38. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Diana Armanios, demands judgment in her favor and against Defendant, Juan Pena in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT III
### AMAL LARIBI v. READING TRANSPORTATION CORP.
### NEGLIGENCE

39. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-eight (38) of the within Complaint as though the same were fully set forth at length herein.

40. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Reading Transportation Corp., which consisted of the following:

   (a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Amal Laribi, more specifically failing to bring the aforesaid motor vehicle to a stop before striking the rear of the vehicle in which Plaintiff was a passenger and driving too fast for road conditions;

   (d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

   (e) failing to maintain a proper lookout upon the highway;

   (f) failing to regard the point and position of persons lawfully upon the highway;

(g) failing to properly determine the distance between his vehicle and Plaintiff's vehicle so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the rear of Plaintiff's vehicle;

(j) entrusting a motor vehicle to Defendant Juan Pena;

(k) failing to properly recognize prior accidents of its employees, such as Defendant Juan Pena;

(l) failing to properly hire employees qualified to drive commercial vehicles;

(m) failing to properly train, monitor and supervise its employees;

(n) failing to train employees on proper driving safety;

(o) otherwise failing to exercise due and proper care under the circumstances; and

(p) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

41. By reason of the aforesaid negligence of the Defendant, Plaintiff, Amal Laribi, has suffered severe and permanent injuries including, but not limited to, interstitial tear of the distal supraspinatus tendon, anterior inferior bucket-handle labral tear, right shoulder sprain and strain, tear of the anterior horn of the right medial meniscus, tear of the posterior horn of the right medial meniscus, tear of the anterior horn of the right lateral meniscus, right knee sprain and strain, cervical sprain and strain, cervical disc bulging at C4-C5 and C5-C6, and lumbar sprain and strain, as well as aches, pains, mental anxiety and anguish. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

42. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

43. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

44. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

45. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

46. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

47. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

48. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

49. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

50. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Amal Larbi, demands judgment in her favor and against Defendant, Reading Transportation Corp., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IV
## DIANA ARMANIOS v. READING TRANSPORTATION CORP.
## NEGLIGENCE

51. Plaintiffs hereby incorporate by reference paragraphs one (1) through fifty (50) of the within Complaint as though the same were fully set forth at length herein.

52. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Reading Transportation Corp., which consisted of the following:

   (a) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

   (b) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

   (c) operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Diana Armanios, more specifically failing to bring the aforesaid motor vehicle to a stop before striking the rear of Plaintiff's vehicle and driving too fast for road conditions;

(d) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(e) failing to maintain a proper lookout upon the highway;

(f) failing to regard the point and position of persons lawfully upon the highway;

(g) failing to properly determine the distance between his vehicle and Plaintiff's vehicle so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(h) operating a motor vehicle with disregard for the safety of persons upon the highway;

(i) failing to prevent the aforesaid motor vehicle from striking the rear of Plaintiff's vehicle;

(j) entrusting a motor vehicle to Defendant Juan Pena;

(k) failing to properly recognize prior accidents of its employees, such as Defendant Juan Pena;

(l) failing to properly hire employees qualified to drive commercial vehicles;

(m) failing to properly train, monitor and supervise its employees;

(n) failing to train employees on proper driving safety;

(o) otherwise failing to exercise due and proper care under the circumstances; and

(p) violating various ordinances and statutes pertaining to the operation of motor vehicles, including, but not limited to, Pennsylvania Vehicle Code Section 3361.

53. By reason of the aforesaid negligence of the Defendant, Plaintiff, Diana Armanios, has suffered severe and permanent injuries including, but not limited to, right shoulder rotator cuff tear, biceps tearing, and right shoulder impingement, requiring surgical repair, right shoulder sprain and strain, injuries to the lumbar spine, and injuries to the left leg, as well as aches, pains, mental anxiety and anguish. Plaintiff has in the past and will in the future undergo severe pain and

suffering as a result of which she in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

54. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

55. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

56. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

57. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

58. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

59. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

60. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

61. Plaintiff in no manner contributed to her injuries which were the direct and proximate result of the Defendant's negligence and carelessness.

62. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Diana Armanios, demands judgment in her favor and against Defendant, Reading Transportation Corp., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all claims.

Respectfully,

SWARTZ CULLETON PC

By: _____
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

*Attorneys for Plaintiffs,*
Amal Laribi and Diana Armanios

Date: November 9, 2017